Street v. Waller.

## C. P. STREET *v.* C. E. WALLER.

### *(Nashville.* December Term, 1910.)

**APPELLATE JURISDICTION.** Demand for money judgment exceeding one thousand dollars, whether in original or cross bill, when not sought merely as incidental relief, confers appellate jurisdiction upon supreme court.

A demand for a money judgment exceeding one thousand dollars in a chancery cause, asserted either by the complainant, or by the defendant in a cross bill, unless such relief is sought as a mere incident to the main case governed by a different rule, confers appellate jurisdiction upon the supreme court, and not upon the court of civil appeals; for it is immaterial by which party such judgment is sought.

See Acts 1897, ch. 82, sec. 7.

FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County.— DOUGLAS WIKLE, Chancellor.

PARKS & BELL and R. H. CROCKETT, for complainant.

P. E. COX, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

A motion is made to transfer this cause to the court of civil appeals, upon the ground that the bill does not

Street v. Waller.

present a case of which this court has jurisdiction upon appeal.

Conceding this to be true, yet it appears that the answer is filed as a cross bill, and by this cross bill a direct money judgment is sought for $1590 against the complainant. An examination of the pleadings discloses that this recovery sought by the cross complainant is not merely incidental to the general relief prayed; but there is a distinct alternative prayer for such a judgment by him, and, as a matter of fact, its recovery seems to be the real object of the cross bill.

It is immaterial, for purposes of jurisdiction, by which party a money judgment is sought. Unless such relief be a mere incident to the main case, a demand for a money judgment in a chancery cause, asserted either by the complainant, or by the defendant in a cross bill, is sufficient to confer jurisdiction of appeals in such cases upon this court, if such demand exceeds $1000.

The motion is therefore overruled, and the case remanded to the docket of this court for hearing when reached.